# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JUSTIN ST. JOHN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 18-CV-0039-CVE-FHM |
| ) | |
| 81 YALE APARTMENTS, LLLP, ) | |
| d/b/a The Place at 81 Yale et al., ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

Now before the Court is Plaintiff's Motion to Amend (Dkt. # 20). Plaintiff requests leave to file an amended complaint adding Lynco, Inc. (Lynco) as a party, because plaintiff has received discovery responses suggesting that Lynco may be liable to plaintiff. Dkt. # 20, at 2. Defendant 81 Yale Apartments, LLLP (Yale Apartments) responds that plaintiff's motion to amend is untimely and the proposed amendment would not relate back to the filing of the original complaint. Dkt. # 21.

On October 9, 2017, plaintiff filed this case in Tulsa County District Court alleging claims of negligence against Yale Apartments, MC Residential Communities LLC, MC Residential of Texas, LLC, and MC Management LLC.[1] Dkt. # 2-1. Plaintiff claims that he was injured as a result of a hidden dangerous condition on a premises owned and operated by defendants, and he seeks damages in excess of $75,000. Yale Apartments and MC Residential Communities LLC removed the case to this Court on the basis of diversity jurisdiction. Dkt. # 2. The Court entered a scheduling

---

[1] Yale Apartments and MC Residential Communities LLC state that MC Management LLC and MC Residential of Texas, LLC are no longer existing entities and that these entities are improperly named as defendants. Dkt. # 21, at 1-2.

order, inter alia, setting a deadline of March 31, 2018 for motions to join additional parties or amend the complaint. Dkt. # 18.

The incident giving rise to the case occurred on October 15, 2015 at an apartment complex known as The Place at 81 Yale. Plaintiff submitted an incident report stating that he was walking down a staircase and "the second and third stair steps fell through." Dkt. # 20-1, at 2. He reported that he did not seek medical attention, but he claimed that his leg was bruised and scraped. Id. Plaintiff sought discovery as to the identity of the property manager, and Yale Apartments responded that Lynco was the property manager when the accident occurred. Dkt. # 20-3. Plaintiff received responses to his discovery requests on May 11, 2018, and he claims that this is the first time he became aware that Lynco was the property manager on the date of the accident. Dkt. # 20, at 3. Yale Apartments states that it terminated its agreement with Lynco on or about December 31, 2015, and there is no evidence that Lynco has actual knowledge that plaintiff has filed a lawsuit as a result of the accident on October 15, 2015. Dkt. # 21, at 2.

Plaintiff requests leave to file an amended complaint adding Lynco as a party, and the motion to amend was filed on June 1, 2018. Under Fed. R. Civ. P. 15(a)(2), after the opposing party has served a responsive pleading, "a party may amend its pleadings only with the opposing party's written consent or the court's leave." Minter v. Prime Equipment Co., 451 F.3d 1196, 1204 (10th Cir. 2006). The decision to grant leave to amend is within the discretion of the district court but, when leave is sought, it should be "freely given when justice so requires." Bradley v. Val-Majias, 379 F.3d 892, 900-91 (10th Cir. 2004). Leave to amend may be denied if the proposed amendment would be futile and would not survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Services, Inc., 175 F.3d 848, 859 (10th Cir. 1999).

Denial of a motion to amend may also be appropriate if the moving party unduly delayed when seeking leave to amend and has no adequate explanation for the delay. Minter, 451 F.3d at 1206. "In the Tenth Circuit, untimeliness alone is an adequate reason to refuse leave to amend." Duncan v. Manager, Dep't of Safety, City and County of Denver, 397 F.3d 1300, 1315 (10th Cir. 2005).

Defendant argues that plaintiff's motion to amend is untimely, because plaintiff was on notice as early as March 2018 that employees of Lynco had discoverable information about his claims and the motion to amend was filed after the scheduling order deadline to file motions to amend expired. Dkt. # 21, at 4. Plaintiff sent written interrogatories to defense counsel on March 1, 2018, and defendants requested several extensions of the response deadline. Dkt. # 20, at 3; Dkt. # 20-2. Plaintiff received defendants' responses to the interrogatories on May 11, 2018, and he states that learned for the first time that Lynco was the property manager at the time of the accident. Defendants argue that they identified employees of Lynco as potential witnesses in their initial disclosures under Fed. R. Civ. P. 26, and they claim that plaintiff was on notice as of March 2018 that employees of Lynco had discoverable information about plaintiff's claims. Dkt. # 21, at 3. However, defendants did not specifically advise plaintiff in the initial disclosures that Lynco was the property manager at the time of the accident, and plaintiff did not have enough information in March 2018 to determine that Lynco could be a proper party. The Court finds that plaintiff has provided an adequate explanation for seeking leave to add Lynco as a party after the scheduling order deadline to file motions to join parties or amend pleadings expired.

This does not mean that plaintiff has met his burden under Rule 15 to show his motion to amend should be granted, because he is seeking to add a new party and it appears that his claim against the new party would be barred by the statute of limitations. The incident giving rise to the

3

case occurred on October 15, 2015, and plaintiff's claims are based on the alleged negligence of defendants. Oklahoma has a two year statute of limitations for negligence claims. OKLA. STAT. tit 12, § 95. Plaintiff's claim against Lynco will be barred by the statute of limitations unless the Court finds that plaintiff's amended complaint would relate back to the filing of the original complaint. Under Rule 15(c), an amendment relates back to the date of the original complaint when:

> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by [Fed. R. Civ. P] 4(m) for serving the summons and complaint, the party to brought in by the amendment:
>
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1)(C). Rule 15(c)(1)(B) states that an amendment relates back to the original complaint if "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out–or attempted to be set out–in the original pleading . . . ."

In Krupski v. Costa Crociere S.p.A., 560 U.S. 538 (2010), the Supreme Court resolved a circuit split concerning the circumstances when an amended complaint will relate back to the filing of an original complaint under Rule 15(c)(1)(C). The plaintiff in Krupski tripped over a cable on a cruise ship and broke her femur, and she brought a lawsuit against Costa Cruise Lines. Id. at 543. Costa Cruise Lines filed a motion for summary judgment asserting that it was not the proper defendant, and it argued that Costa Crociere S.p.A. should have been named as the defendant as required under the terms of the plaintiff's ticket. Id. at 543-44. The district court found that the plaintiff knew the identity of the proper defendant well before seeking leave to amend and the misidentification of the proper defendant could not be deemed a "mistake" under Rule 15(c)(1)(C).

4

Id. at 545-46. The Eleventh Circuit affirmed the district court's decision and focused on the plaintiff's knowledge concerning the identity of the proper defendant. Id. at 546. The Supreme Court found that the lower courts used the "wrong starting point" in considering the plaintiff's motion to amend. Id. at 548. The question under Rule 15(c)(1)(C) "is not whether [the plaintiff] knew or should have known the identity of Costa Crociere as the proper defendant, but whether Costa Crociere knew or should have known that it would have been named as a defendant but for an error." Id. Information in the possession of the plaintiff is relevant only to the extent that it relates to the defendant's understanding that the plaintiff mistakenly named the wrong party as a defendant. Id. A prospective defendant has a strong interest in not being sued outside of the applicable limitations period, but a prospective defendant should not be able to avoid suit if he knew or should have known that he would have named as a defendant but for a mistake by the plaintiff. Id. at 550. The Supreme Court found that Costa Crociere was on constructive notice that it should have been named as the defendant but for a mistake on the part of the plaintiff, and the plaintiff should have been permitted to file an amended complaint substituting Costa Crociere as the proper defendant.

In light of Krupski, courts have generally found that there are three requirements that must be satisfied in order for an amendment to relate back to the original complaint: (1) "the claim asserted against the newly-designated defendant must satisfy the terms of Rule 15(c)(1)(B), which provides that the claim must arise out of the conduct, transaction or occurrence set out" in the original complaint; (2) within the period provided in Rule 4(m) for serving the summons and complaint, "the party to be brought in by amendment must have received notice of the action that it will not be prejudiced in defending on the merits;" and (3) "it must appear that within the same

5

time frame the newly-designated defendant either knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Coons v. Industrial Knife, Inc., 620 F.3d 38, 42 (1st Cir. 2010). In this case, the parties do not that dispute plaintiff's claims against Lynco arise out of the same conduct, transaction, or occurrence set out in the original complaint, and the requirement of Rule 15(c)(1)(B) is satisfied. However, the parties dispute whether Lynco had notice that plaintiff had filed this action or that it knew or should have known that the plaintiff could have brought a negligence claim against it but for a mistake on the part of the plaintiff.

Plaintiff argues that Lynco had constructive notice of this case within the period for service of summons and the complaint, because Lynco had a close business relationship with Yale Apartments and the filing of an action against Yale Apartments should have put Lynco on notice of plaintiff's claims. Dkt. # 20. Plaintiff cites Ennis v. HCA Health Services of Oklahoma, Inc., 2008 WL 2510101 (W.D. Okla. June 17, 2008), for the proposition "[n]otice is satisfied when both the parties are so closely related in their business operations and activities that the institution of an action against one serves to provide notice of the litigation to the other." Dkt. # 20, at 4. However, Yale Apartments states that Lynco was terminated as the property manager of the apartment complex in December 2015, and there is no evidence that Yale Apartments had an ongoing business relationship with Lynco after December 2015. Dkt. # 21, at 7. Plaintiff has not shown that Yale Apartments and Lynco had such a close business relationship that Yale Apartment's notice of this lawsuit can be attributed to Lynco. Plaintiff argues that Lynco was the property manager when the accident occurred and it would have received a copy of the incident report, and this shows that Lynco had constructive notice of this litigation. Dkt. # 20, at 5. The Court has reviewed the

incident report and it does not put any party on notice that litigation would likely result from the event reported by plaintiff. The incident report states that plaintiff fell through a step and his leg was bruised and scraped, but he reports that he did not seek medical attention. Dkt. # 20-1, at 2. The incident report does not contain any statement suggesting that plaintiff intended to file a lawsuit as a result of the accident. <u>Id.</u>

The Court finds that Lynco did not have notice of this litigation within the time period for service under Rule 4(m), and plaintiff's proposed amended complaint would not relate back to the filing of the original complaint. Plaintiff filed this case on October 9, 2017 and, under Rule 4(m), the deadline to serve parties named in the original complaint expired on January 7, 2018.[2] There is no evidence that Lynco had notice of this litigation before January 7, 2018, nor has plaintiff shown that Lynco should have anticipated that it would be named as a party in this case. The claims that plaintiff intends to assert against Lynco in the amended complaint would not relate back to the filing of the original complaint, and the claims would be barred by the statute of limitations. Thus, it would be futile to allow plaintiff to file an amended complaint adding Lynco as a party, and plaintiff's motion to amend (Dkt. # 20) should be denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Amend (Dkt. # 20) is **denied**.

**DATED** this 30th day of July, 2018.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

---

[2] Defendants state that deadline for plaintiff to serve parties was February 6, 2018. Dkt. # 21. However, defendants calculated this date based on a 120 day time period to effect service. Rule 4 was amended in 2015 and the time to serve defendants was reduced from 120 days to 90 days.